672 P.2d 1166 (1983)
In the Matter of PROPOSED BALLOT TITLE OF STATE QUESTION NUMBER 565, INITIATIVE PETITION NUMBER 321.
John CARMICHAEL, D.D.S., Appellant,
v.
Michael C. TURPEN, Attorney General, Appellee.
No. 61035.
Supreme Court of Oklahoma.
November 15, 1983.
Andrews, Davis, Legg, Bixler, Milsten & Murrah by James F. Davis and Nancy M. Thompson, Oklahoma City, for appellant.
Michael C. Turpen, Atty. Gen. of Okl., and James B. Franks, Asst. Atty. Gen., Oklahoma City, for appellee.
Jack D. Rogers, pro se. and Floyd Spiva, Jr., pro se., Proponents of Initiative Petition No. 321 S.Q. 565.
Andrew T. Dalton, Jr., Tulsa, amicus curiae.
HODGES, Justice.
Initially, the question presented was the correctness of the ballot title amended, prepared, and approved by the Attorney General, pursuant to 34 O.S. 1981 § 9, and submitted to the Secretary of State. Subsequently, the parties realized that: § 9 had been amended when the governor signed H.B. 1176, Ch. 222, Okla. Sess. Laws 1983, on June 17, 1983; and that, because the bill is an enactment for carrying into effect provisions relating to initiative and referendum, it is subject to the Okla. Const. *1167 art. 5 § 58.[1] Therefore, it became effective immediately when it was signed by the Governor. Because the proceedings were conducted without consideration of the amendment to § 9, the H.B. 1176 requirement that the Secretary of State submit the ballot title to the Superintendent of Public Instruction for certification that the ballot title is on an eighth grade reading comprehension, was not followed.
Before 34 O.S. 1981 § 9 was amended, two alternate procedures were provided to process and approve ballot titles. The traditional method, under § 9(A), provided for the ballot title to be reviewed after all signed petitions have been filed with the Secretary of State and certified sufficient for placement of the measure on the ballot. The procedure sanctioned by § 9(A) authorize commencement of the ballot title process when any measure is proposed, but a measure is not deemed proposed until submission and certification of sufficient signatures to place the measure on the ballot.[2] Because the ballot title process does not begin until the measure is proposed, procedures must necessarily begin after submission and approval of legally sufficient petitions.
This Court also recognized that authority existed for approval of a ballot title before circulation of the initiative petition for signature[3] pursuant to § 9(D). The amendment of 34 O.S. 1981 § 9 repealed § 9(D) in its entirety. As a result, ballot title review is available only after a successful petition drive is completed. The pre-circulation option for the review of a ballot title prior to the submission and approval of circulated petitions has been extinguished by the amendment to § 9.
Title 34 O.S. 1981 § 8[4] specifies procedures to determine the sufficiency of the petitions in support of any measure; and § 8 proceedings must be exhausted before the ballot title process begins under § 9(A).[5]
The amendment to § 9 prescribes an entirely new ballot title process. A title is proposed by the sponsor of a measure at the time the measure is filed with the Secretary of State. The Secretary of State is charged with the duty to write the official ballot title and to submit it to the Superintendent *1168 of Public Instruction. After the title conforms to an eighth grade reading comprehension level, it is submitted to the Attorney General for review of its legal correctness. The Attorney General is no longer involved in the process until after the Secretary of State and Superintendent of Public Instruction have succeeded in conforming the ballot title to an eighth grade level of reading comprehension. The Attorney General must either certify that the ballot title is in harmony with the law, or file with the Secretary of State a written clarification of the parts of the ballot title which do not conform to the law. The correctness of the ballot title cannot be appealed to this Court until all the prerequisites prescribed by § 9, as amended, have been met. Because the parties have not complied with § 9, the appeal is premature and must be dismissed.
APPEAL DISMISSED.
BARNES, C.J., SIMMS, V.C.J., and IRWIN, LAVENDER, DOOLIN and WILSON, JJ., concur.
OPALA, J., concurs in the dismissal.
NOTES
[1] It is provided by the Okla. Const. art. 5 § 58 in pertinent part:

"No act shall take effect until ninety days after the adjournment of the session at which it was passed, except enactments for carrying into effect, provisions relating to the initiative and referendum, or a general appropriation bill, unless, in case of emergency, to be expressed in the act, the Legislature, by a vote of two-thirds of all members elected to each House, so directs."
[2] In Re Initiative Petition No. 281, State Question No. 441, 434 P.2d 941, 956 (Okl. 1967); In Re Initiative Petition No. 2 of Cushing, 157 Okl. 54, 10 P.2d 271, 273 (1932).
[3] In In Re Initiative Petition No. 317, State Question No. 556, 648 P.2d 1207, 1211 (Okl. 1982) this Court stated:

"In our opinion § 9(D) provides an alternate time for a citizen desiring to circulate an initiative measure to commence and complete ballot title proceedings. Section 9(D) also permits such person the right to delay the running of the 90-day period prescribed by § 8, until the ballot title proceedings have been completed. Section 9(D) is an alternative to § 9(A) because under 9(A), ballot title proceedings may not be commenced until the petition has been circulated, filed with the Secretary of State, and its legal sufficiency finally determined."
[4] It is provided by 34 O.S. 1981 § 8 in pertinent part:

"When a citizen or citizens desire to circulate a petition initiating a proposition of any nature, whether to become a statute law or an amendment to the Constitution, or for the purpose of invoking a referendum upon legislative enactments, such citizen or citizens shall, when such petition is prepared, and before the same is circulated or signed by electors, file a true and exact copy of same in the office of the Secretary of State and, within ninety (90) days after such filing of an initiative petition, the signed copies thereof shall be filed with the Secretary of State, but the signed copies of a referendum petition shall be filed with the Secretary of State within ninety (90) days after the adjournment of the Legislature enacting the measure on which the referendum is invoked. The electors shall sign their legally-registered name, their address, and the name of the county in which they reside." ...
[5] In Re Initiative Petition No. 281, State Question No. 441, note 2, supra.